HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>KENNETH RANDALE DOOR,<br><br>    Defendant. | CASE NO. CR12-5126 BHS<br><br>ORDER |

THIS MATTER comes before the Court on Defendant Kenneth Door's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), USSG § 1B1.10, and United States Sentencing Guidelines (USSG) Amendment 821, Part A. Dkt. 322. For the reasons explained below, the Court grants Door's motion.

**I. BACKGROUND**

In 2014, a jury found Door guilty of felon in possession of a firearm, violent felon in possession of body armor, and felon in possession of an explosive. Dkt. 212. Judge Leighton sentenced him to 300 months of imprisonment. Dkt. 230. In 2017, the Ninth Circuit vacated Door's sentence and remanded, holding that, in light of *Mathis v. United States*, 579 U.S. 500 (2016), Door's prior convictions for burglary in Washington were not to be counted as violent

felonies. *United States v. Door*, 656 F. App'x 376 (9th Cir. 2016). At resentencing, Judge Leighton calculated Door's applicable sentencing guideline range based on a Total Offense Level of 32 and a Criminal History Category of VI, resulting in a range of 210 to 262 months. Dkt. 284 at 23. Citing the seriousness of the offenses and the need for general deterrence, Judge Leighton imposed a new sentence of 276 months, based on statutory maximums of 120 months for Count 1, 36 months for Count 2, and 120 months for Count 3, to be served consecutively. *Id.* at 23–24; Dkt. 281.

In 2019, the Ninth Circuit again vacated Door's sentence and remanded for resentencing after determining that, based on its decision in *United States v. Robinson*, 869 F.3d 933 (9th Cir. 2017), Door's 2002 conviction for the Washington crime of second-degree assault did not qualify as a crime of violence. *United States v. Door*, 917 F.3d 1146, 1153–54 (9th Cir. 2019). At resentencing, Judge Leighton determined that Door's Total Offense Level was 28 with a Criminal History Category of VI, resulting in a sentencing guideline range of 140 to 175 months. Dkt. 313 at 18. Despite the guideline range reduction, Judge Leighton reimposed the same 276-month custodial term. Dkt. 306. Judge Leighton reiterated that on two prior occasions, he had stated that Door was the "most dangerous defendant I have had in 18 or 19 years" and that Door had done "everything and then more to justify his sentence, with the threats." Dkt. 313 at 7.

On Door's third appeal, the Ninth Circuit affirmed Door's sentence, concluding that it was "substantively reasonable." *United States v. Door*, 996 F.3d 606, 623 (9th Cir. 2021). The Court explained that although the district court "deviated significantly" from the sentencing guideline range, the record "fully supports the district court's determination that Door was an extremely dangerous person who had shown an unwillingness to change." *Id.* Door's expected release date is July 2033. Dkt. 328 at 8.

ORDER - 2

Door now moves to reduce his sentence by 24 to 36 months based on recent amendments to the status points criminal history computation provision of the sentencing guidelines. Dkt. 322 at 2. Alternatively, Door argues that the Court consider a proportional reduction of 21 months (for a total sentence of 255 months), or a six-month term in a halfway house as a condition of supervised release. Dkt. 331 at 2, 7. Door argues that a reduced sentence is warranted because he is significantly older now and the risk of recidivism declines substantially with age, particularly after age 60. *Id.* at 4. Although he acknowledges that his offenses are serious and that he has a lengthy criminal history, he emphasizes that he is now fourteen years removed from the conduct that led to his imprisonment. *Id.* at 4–5. He notes that he has incurred only one disciplinary infraction in the past six years, and that his last infraction involving dangerous conduct occurred nearly ten years ago. *Id.* at 5.

Door further asserts that while the Court may consider his broader conduct, including prior threats and drug-related activity, it should not place undue weight on conduct that extends beyond the offenses of conviction. *Id.* He emphasizes that there is no evidence that he has engaged in similar threatening or dangerous behavior since 2016. *Id.* at 6.

The Government opposes his request, contending that although he meets the minimum eligibility requirements for a sentence reduction, the 18 U.S.C. § 3553(a) sentencing factors, including the serious nature of the underlying offense, the need to promote respect for the law, and the need to protect the public, support the existing sentence and do not justify any reduction. Dkt. 328 at 13. It argues that Door's violent criminal history and his criminal behavior while in prison weigh in favor of a lengthy term of incarceration. *Id.* It emphasizes that Door, who had already served a ten-year state sentence for shooting at police and who at the time was under active supervision for assaulting and threatening his brother, illegally possessed two

semiautomatic firearms, ammunition, two military-grade ballistic vests, a small explosive device, and admitted to selling methamphetamine. *Id.* The Government also asserts that Door's time in custody has been insufficient to protect the public. *Id.* It notes that while serving his state sentence, Door executed a tax fraud scheme that defrauded the Government and taxpayers of over $70,000. *Id.* at 14. The Government further contends that Door's aggressive behavior, including threats against family members, witnesses, the case agent, and his attorney, supports denial of Door's motion in order to promote respect for the law and to deter obstructive conduct. *Id.*

## II. DISCUSSION

Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce a defendant's term of imprisonment if the sentencing range has subsequently been lowered by the Sentencing Commission, the reduction is consistent with the Sentencing Commission's policies, and the Court has reviewed the 18 U.S.C. § 3553(a) factors. *Dillon v. United States*, 560 U.S. 817, 826 (2010). In Amendment 821, Part A, the Sentencing Commission amended the "status points" provision of the sentencing guidelines to add only one point, rather than two, for defendants with seven or more criminal history points who committed an offense while under a criminal sentence. *Compare* USSG § 4A1.1(d) (2022), *with* USSG § 4A1.1(e) (Nov. 1, 2023). This amendment took effect November 1, 2023, and applies retroactively. *See* USSG § 1B1.10(e)(2) (Nov. 1, 2023); 88 Fed. Reg. 60534 (Sept. 1, 2023).

Here, the parties agree that Door is eligible for a sentence reduction under Amendment 821 Part A. Dkts. 328, 331. Under his original sentencing calculation, Door earned two status points because he was under court supervision when he committed his offenses. Dkt. 328 at 11. However, after applying Amendment 821, he scores only one status point for this conduct,

bringing his revised criminal history point total to 12. *Id.* Although his Total Offense Level of 28 remains unchanged, Amendment 821 reduces his Criminal History Category from VI (13 total points) to V (12 total points). *Id.* Applying this change, his new sentencing range is 130 to 162 months, rather than 140 to 175 months. *Id.* Door is therefore eligible for a reduced sentence.

Because Door qualifies for a sentence reduction, the Court next considers the applicable § 3553(a) factors to determine whether a reduction is warranted. *See also* USSG §1B1.10 Background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). These factors require the Court to consider the nature and circumstances of the offense, the need to reflect the seriousness of the offense, and the need to protect the public. 18 U.S.C. § 3553(a). In reviewing these factors, the Court may also consider the defendant's post-sentencing conduct. USSG § 1B1.10 App. Notes 1(B).

In Door's prior resentencings, Judge Leighton considered the § 3553(a) factors and made clear that Door's sentence was driven not by the sentencing guideline range, but by his conclusion that the maximum permissible punishment was warranted. That conclusion, however, rested in part on Door's placement in the highest criminal category of VI. Because Door is no longer in that category, the continued imposition of the maximum available sentence should be reconsidered.

In addition, although the Court's review of the factors remains substantially unchanged, especially the seriousness nature of Door's underlying offenses, the Court's assessment of the risk that Door poses to public safety, and the nature and seriousness of that risk, has diminished. The Court must also account for Door's conduct while in prison. While the Government relies on

Door's prison records to oppose a sentence reduction, it is noteworthy and relevant that the only infractions reflecting Door's violent tendencies occurred nearly a decade ago. This extended period weighs positively in Door's favor, particularly given the environment in which he has lived. Moreover, Door's participation in, and completion of, numerous rehabilitative programs, particularly in recent years, demonstrate that Judge Leighton's previous finding that Door has shown "unwillingness to change" is not reflective of the current record. *See* Dkt. 322 at 2–7. Instead, the Court finds that Door is showing a desire for change, which weighs in favor of a reduction in his sentence.

The Court additionally considers that Door is now 56 years old and will be in his 60s by the time he is released. Dkt. 331 at 4. Door argues persuasively that "even for people with persistent criminal histories, the risk of recidivism declines significantly as people get older, and the decline is precipitous as they pass the age of 60." *Id.*; *see* U.S. Sentencing Comm'n, *OLDER OFFENDERS in the Federal System* (2022). His age weighs in favor of a reduced sentence.

After careful review of the briefs and record, and for the reasons stated above, the Court sentences Door to 258 months imprisonment (an 18-month reduction) and 3 years of supervised release with all of the same conditions imposed by Judge Leighton in 2019.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Door's motion for a reduced sentence, Dkt. 322, is **GRANTED**.

Dated this 12th day of January, 2026.

BENJAMIN H. SETTLE
United States District Judge